OPINION of the Court, by
Ch. J. Boyls
— 'This was an action of covenant, brought by George Honne, *548 administrator of Michael Horine, deceased, against Peter Best, in the Lincoln circuit court. The declaration states," that said Michael in his lifetime, and the said Best by their deed oi two parts, bearing date on the -day of March, 1804, entered into an agreement, to the effect following, to wit: “ that the said Michael on his part, did sell apd covenant to convey to the sakl Best, a certain tract of land, containing one hundred and fifty acres, by estimation, in the bend of Dick’s river, ScC. at the price of five dollars per acre ; the land to be surveyed at the expence of the said Michael, and the conveyance, with covenant of general warranty, to be made on or before the -- — -- day of April next ensuing the date of said covenant. And the said Best on his part, did covenant to pay to the said Michael, the said sum of five dollars per acre, and to give to the said Michael when requested, bond and security therefor ; two hundred dollars, part of the purchase money, to be paid on or before the tenth day of March, 1805, and ths balance on or before the 10th day of March 1806 ; but, the said Best had paid, and was entitled.to a credit accordingly, pne hundred and five dollars, with interest from the 1st day of August, 1803, and a horse at the price of twenty-eight pounds: and lor performance the said Michael and said Best respectfully bound themselves, their heirs, &c. in the penal sum of three thousand dollars.”
Whether they £re dependant or independent, rs to be judged from the i'ense and meaning of the parties, and from the order of time in which performances are ffipu-lated*
if a conveyance is appointed to be made on a day prior to that which is appointed for payment of the consideration, the conveyance is a condition precedent to the^ayment of the money.
If bend and security is covenanted to be given on request, the request is parcel of the contract, and of substance l) be certainly and precifdy alleged in declaring for a breaeh of the «ovenant — Vi-de Vol. 3, Worley versus Mournings 254 — Stafford vs* Trimble, 3213 — “ Shepherd vs* Hubbard\ 494.
*548 The declaration then avers “ that the said tract of land was surveyed at the expence of the heirs of said Michael, he having departed this life, and the true contents were ascertained to be --acres, and the said heirs have duly conveyed by deed, with covenant of general warranty, the said tract of land, and the said Best hath had due notice of its contents aforesaid, to wit, on the day of 180 — in the circuit and state aforesaid.” And for breaches of the covenant, the declaration alleges that the said Best “ did not give bond and security to the said Michael during his life, nor to the said George since the death of said Michael, for the payment of five dollars per acre for the said land, two hundred dollars payable on or before the 10th day oí M arch, 1805, and the balance cm or before the 10th day of March, 1806, after the deduction of one hundred and five dollars, with interest from the 1st day *549 of August, 1803, and twenty-eight pounds in a horse, Nor did he pay to the said Michael during his life, or to the said George since his death, five dollars per acre1 idr the said land, two hundred dollars on or before the 10th day of March, 1805, or the remainder, subject to the deduction of one hundred and five dollars, with interest'from the 1st day of August, 1803, and twenty-eight pounds in a horse, on or before the lOchof March, 1806, or any part thereof.
The defendant filed a special plea, in substance ah leging that the saul Michael in his life, nor fats heirs since his death, had not conveyed to the defendant the tract of land in the agreement and declaration mentioned, by deed with covenant of general warranty : to this plea the plaintiff demurred generally, and the judgment being given against him upon the demurrer, he has appealed to this court.
The main question is, whether the matter contained in the plea is a sufficient bar to the plaintiff’s action ? This question depends upon whether the covenants in the deed declared on, should be considered dependant or independent. If they are independent, it is clear that the plaintiff may maintain his action for a breach of the covenant on the part of the defendant, without shewing a performance on his part, and it is no excuse for the defendant to allege in his plea a breach of the covenant on the part of the plaintiff. But it is equally clear, if the covenants are to be considered as depen-dant, that it is necessary the plaintiff should aver and prove a performance on his part, to entitle himself to his action for a breach of the covenant on the side of the defendant, and the plea denying such performance is good ánd sufficient. The dependence or independence of covenants, must be collected from the evident sense and meaning of the parties ; and however transposed the covenants may be in the deed, their prece-dency must depend on the order of time in which the intent of the transaction requires their performance. If a day be appointed for the payment of money or part of it, and the day is to happen before the thing which is the consideration of the money is to be performed, an action may be brought for the money before performance. But when a day is appointed for the payment of money, and the day is to happen after the tiling which *550 is the consideration thereof is to be performed, no action can be maintained for the money before performance — See note 4, to the case of Pordage vs. Cole, 1 Saund. 320, In the present case, the covenant on the part of the plaintiff to convey, was to be performed before the day appointed for the payment of the money, and consequently a performance on his part was necessary to be shewn to entitle himself to the action for that non payment of the money, and the defendant's plea denying such performance is a good bar to the action.
If it be said that the giving of bond and security for the payment of the money which the defendant had, covenanted to do, was, from, the nature of the transaction, precedent to the performance on the part of the plaintiff or his intestate ; then it is answered, that bend and security was only tobe given when requested, anc there is no request alleged in the declaration.
There are indeed some cases, in which a request is. not necessary tobe alleged, as where the contract is for the payment of a precedent debt upon request, the writ itself being held in such a case a sufficient request. But where the contract is for the performance of some collateral, duty upon request, the request being parcel o: the contract no action arises until a request be made. The omission to aver a request in such a case is held to be a matter of substance, which may be taken advantage oi on a general demurrer, and which is not aided after verdict — Birks vs. Trippett, 1 Saund. 323, note 2. The breach of the covenant, therefore, on the part of the defendant, to give bond and securin’, is not in this case sufficiently alleged in the declaration, for want of the averment of a special request; and the plaintiff could pot recover in this action for the failure to give bone 9(sd security.-Judgment affirmed, with costs.